

# The Attorney General of Texas

March 26, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-315

Re: Criminal District Courts Manager of Harris County

Dear Mr. Driscoll:

You have requested our opinion as to whether the Harris County Commissioners Court is authorized to create or abolish, and to set the salary for, the position of criminal district courts manager. We are advised that said manager is responsible to the criminal district court judges, who appoint him, and that he is manager of all criminal district court coordinators.

Statutory authority for a court coordinator system in counties with a population over 700,000 is conferred by article 1918a, V.T.C.S. That article provides as follows:

> The criminal district courts and the district courts of general jurisdiction giving preference to criminal cases. .. may establish and maintain a court coordinator system. The district courts shall, by rule, designate the duties to be performed by the coordinators to improve criminal justice and expedite the processing of criminal cases through the district courts. ... The court coordinators serve by appointment of the district courts and at the pleasure of the district courts, and shall receive reasonable compensation to be determined by the judges of those courts, not to exceed 70 percent of the salary paid by the state to the judges of those courts. The district courts may appoint appropriate staff and supporting personnel according to the needs of each local jurisdiction. The commissioners court of each county shall provide from the fines and fees collected by these courts the necessary funding for the court coordinator system on order and directive of the district courts to be served, provided that if said fines or fees are insufficient to provide the total funding for this program the county shall provide the additional funds needed. (Emphasis added).

We will assume for purposes of this opinion that the position of criminal district courts manager may validly be created as part of a court coordinator system. Article 1918a expressly provides that the responsibility for establishing and maintaining such a system is vested in the criminal district courts and the district courts of general jurisdiction which give preference to criminal cases. The judges of these courts also have express authority to determine salaries. Funding for the establishment and maintenance of such a system is likewise mandated by article 1918a.

In view of these provisions, which clearly assign responsibility for a court coordinator system to certain district courts, we answer your questions in the negative.

### S U M M A R Y

The Commissioners Court of Harris County is not authorized to create the position of or set the salary for a criminal district courts manager.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Bruce Youngblood